Patricia DAVID, Plaintiff–Appellant,

v.

SMITHKLINE BEECHAM CLINICAL LABORATORIES, INC., William Thomas, National Assistance Bureau, Inc., a.k.a. Gardendale Nursing Home, Defendants–Appellees.

No. 96–7034.

United States Court of Appeals, Eleventh Circuit.

Aug. 29, 1997.

Stephen A. Strickland, Cecilee R. Beasley, Richard S. Jaffe, Richard S. Jaffe, P.C., Birmingham, AL, for Plaintiff–Appellant.

Lawrence B. Clark, Jolee Hancock Bollinger, Lange, Simpson, Robinson & Somerville, Birmingham, AL, for SmithKline Beecham Clinical Laboratories, Inc.

David M. Loper, Campbell & Waller, L.L.C., Birmingham, AL, for National Assistance Bureau & William Thomas.

Before ANDERSON and COX, Circuit Judges, and ALARCON *, Senior Circuit Judge.

* Honorable Arthur L. Alarcon, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

With respect to the summary judgment in favor of SmithKline, we assume *arguendo*, but need not decide, that an employer may be liable under some circumstances in a case involving harassment of an employee, not by the employer or its employees, but by a third person. However, we conclude on this record that SmithKline's response to plaintiff's reports of harassment was reasonable in light of the options available to SmithKline.[1]

The judgment of the district court is affirmed.

AFFIRMED.

ANDERSON, Circuit Judge, concurring in part and dissenting in part:

I concur in the judgment affirming the grant of summary judgment in favor of all defendants except SmithKline. Although I recognize that SmithKline's options were limited because the harasser was a customer and not an employee, and although I acknowledge this is a close question, I would conclude that the record discloses a genuine issue of fact as to whether SmithKline's response to the harassment was reasonable.

1. Plaintiff's other arguments on appeal are without merit and warrant no discussion.